UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHYLA LARRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-00298 (UNA) |
| | ) | |
| | ) | |
| MALIK BOYKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on its initial review of Plaintiff's Complaint, ECF No. 1, and Motion for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court will grant the motion and dismiss the complaint.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 8(a); 12(h)(3).

Plaintiff, a District of Columbia resident, brings this action under the Violence Against Women Act (VAWA"), 34 U.S.C. § 12361, against a resident of Columbus, Ohio. Allegedly, [s]ince 2020," Plaintiff has been "in a domestic violence relationship" with Defendant who "has beaten, choked and caused [Plaintiff] serious physical injury." Compl. at 2. Plaintiff seeks "compensatory damages in the amount of $250,000" for Defendant's "violating my rights." *Id*.

The Supreme Court, however, has held that "Congress' effort in [the VAWA] to provide a federal civil remedy can be sustained neither under the Commerce Clause nor under § 5 of the Fourteenth Amendment"; therefore, any remedy for the conduct Plaintiff alleges against the private defendant "must be provided by" the appropriate State legislature, "and not by the United States." *U.S. v. Morrison*, 529 U.S. 598, 627 (2000).  The Court notes that other remedies, including orders of protection, restraining orders, and tort claims, are generally available in cases of domestic abuse and that the unavailability of a damages remedy under federal law does not in any way restrict those remedies.  Under controlling Supreme Court precedent, however, victims of domestic abuse must look to one of those alternative remedies and may not recover damages under federal law.

The Court will, accordingly, dismiss the complaint for want of jurisdiction.

A separate order will issue.

_____/s/_____
RANDOLPH D. MOSS
United States District Judge

Date:  April 5, 2024